

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| F09040052 | ] | |
| Beal Bank S.S.B. | ] | |
| | ] | |
| Plaintiff, | ] | CASE NO. 1:09-CV-4013 |
| | ] | |
| vs. | ] | |
| | ] | |
| Charles T. Brown; Pamela Brown | ] | Hon. Judge: Ronald A. Guzman |
| Defendants. | ] | |
| | ] | |
| | ] | |
| | ] | |
| | ] | |

## CONSENT JUDGMENT OF FORECLOSURE

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, pursuant to and in accordance with the Stipulation for Entry of Consent Judgment and Order entered into by and between Plaintiff, Beal Bank S.S.B., and Defendants Charles T. Brown and Pamela Brown, as follows:

1. The court has jurisdiction of the parties and the subject matter, and service of process has been properly made.

2. The last owner of redemption was served on July 9, 2009.

3. The right of redemption has been waived by all the owners of redemption pursuant to the stipulation on file and pursuant to Statute.

4. This Judgment is fully dispositive of the interest of all Defendants. All the material allegations of the Complaint filed pursuant to 735 ILCS 5/15-1504 (including those required by statute), are true and proven. By entry of this Judgment for Foreclosure and

Sale, the Mortgage and Note which is the subject matter of these proceedings is extinguished and replaced by Judgment. By virtue of the Mortgage and the evidence of the indebtedness secured by it, of the date and execution of Plaintiff's supporting judgment affidavit, there is due and owing to Plaintiff the following amounts which shall continue to be a valid and subsisting lien upon the subject property described hereinafter

| | |
|---|---|
| Principal Balance Accrued Interest and Other Amounts Due Pursuant to Plaintiff's Note and Mortgage | $133,849.37 |
| Costs of Suit | $532.00 |
| Plaintiff's Attorneys' Fees | $1,300.00 |
| Contested Attorneys' Fees | $332.50 |
| **TOTAL JUDGMENT AMOUNT:** | $136,013.87 |

5. Any advances made in order to protect the lien of the judgment and preserve the real estate shall become so much additional indebtedness secured by the judgment lien. Such advances include, but are not limited to payment for property inspections, real estate taxes or assessments, property maintenance, and insurance premiums incurred by Plaintiff and not included in this Judgment, but paid prior to the Judicial sale. Such advances shall bear interest from date of the advance at the Judgment rate of interest, except in the case of Redemption or Payoff, in which case the note rate of interest shall apply pursuant to 735 ILCS 5/15-1603 (d).

6. Under the provisions of the Mortgage, the costs of foreclosure and reasonable attorneys' fees are an additional indebtedness for which Plaintiff should be reimbursed; such expenses and reasonable attorneys' fees are hereby allowed to the Plaintiff.

7. Pursuant to Local Rule 54.4, the court approves the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Defendant in the event of

redemption a deficiency judgment, or otherwise. In the event of redemption by Defendant or for purposes of any personal deficiency judgment, this court reserves the right to review the amount of attorneys' fees to be included for either purpose. Plaintiff's counsel is required to notify Defendant of the provisions of this paragraph by mailing a copy of this Judgment to Defendant.

8. The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Cook County Recorder of Deeds as Document No. 0021342669, and the subject property encumbered by said Mortgage and directed to be sold is legally described as follows:

**LOT 15 IN HAZEL CREST HIGHLANDS SUBDIVISION OF PART OF THE SOUTH EAST 1/4 OF SECTION 26, TOWNSHIP 36 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.**

Commonly Known As: 3311 Hickory Lane, Hazelcrest, IL 60429

Permanent Index No.: 28-26-402-013-0000

9. The rights and interests of all the other parties to this cause in the subject property, are inferior and subordinate to the lien of the Plaintiff.

10. Copies of the Note and the Mortgage or Affidavit of Documents as are attached to Plaintiff's Complaint have been offered in evidence Plaintiff is hereby given leave to withdraw, if any, the Original Note and the Original Mortgage and substitute copies of those documents.

11. Plaintiff has been compelled to employ and retain attorneys to prepare and file the complaint and to represent and advise the Plaintiff in the foreclosure of the mortgage. Defendant is liable for the usual, reasonable and customary fees incurred by Plaintiff.

12. Plaintiff has been compelled and may be compelled after entry of this judgment, to advance, various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure. These sums may include, without limiting the generality of the foregoing, filing fees, service of process fees, copying charges, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, foreclosure minutes and a title insurance policy, costs of sale, etc. Under the terms of the mortgage, all such advances, costs, attorneys' fees and other fees, expenses and disbursements are made a lien upon the mortgaged real estate. Plaintiff is entitled to recover all such advances, costs, attorneys' fees, expenses and disbursements, together with interest on all advances at the Judgment rate of interest, from the date on which such advances are made, except in the case of Redemption or Payoff in which case the note rate of interest shall apply pursuant to 735 ILCS 5/15-1603 (d).

13. In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate. In order to protect and preserve the mortgaged real estate, it has or may also become necessary for Plaintiff to make other payments, including but not limited to, fire and other hazard insurance premiums on the real estate or payments for such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof. Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the judgment rate of interest except in the case of Redemption or Payoff in which case the note rate of interest shall apply pursuant to 735 ILCS 5/15-1603 (d).

14. The allegations of Plaintiff's complaint are true substantially as set forth, and the equities favor Plaintiff. Plaintiff is entitled to the relief prayed for in the Complaint, including foreclosure of the mortgage upon the real estate described therein for the Total Judgment Amount, as found above, together with interest at the statutory judgment rate after the entry of this judgment, and additional advances, expenses, reasonable Attorney's fees and court costs, including, but not limited to, publication costs and expenses of sale.

15. Said real estate is free and clear of all liens and encumbrances that have been named herein, or of any claims that are subject to a recorded notice of foreclosure.

16. Plaintiff's mortgage is prior and superior to all other mortgages, claims of interests and liens upon said real estate that have been named herein, or any claims that are subject to a recorded notice of foreclosure.

19. The sum of attorney fees allowed herein as stated above is the fair, reasonable and proper fee to be allowed to Plaintiff as attorney's fees in this proceeding through the date of this Judgment, in accordance with the terms of the Note and Mortgage given by said Defendants. That sum should be added to and become a part of the indebtedness due to Plaintiff.

20. Plaintiff will be entitled to an Order of Possession against Charles T. Brown and Pamela D. Brown.

**IT IS THEREFORE ORDERED AND DECREED AS FOLLOWS:**

1. **REQUEST FOR FORECLOSURE:** A Consent Judgment of Foreclosure and Sale is entered pursuant to 735 ILCS 5/15-1402 against the subject property and against all Defendants not previously dismissed. Under the direction of the court, an accounting has been taken of the amounts due and owing to Plaintiff herein.

2. **TERMINATION OF SUBORDINATE INTERESTS:**

The Court finds that there is/are a lienholder(s) junior to that of the plaintiff, which would have had a right to redeem pursuant to 735 ILCS 5/15-1402(b). That said lienholder has not objected and therefore its right to redeem is hereby terminated and its interest foreclosed..

3. **TRANSFER OF TITLE**

   A. This Court hereby finds and Orders that by virtue of the entry of this Judgment, that title shall immediately vest in the plaintiff. This is pursuant to 735 ILCS 5/15-1402(a). That the mortgage indebtedness referred to aforesaid is satisfied in total.

   B. Further, the plaintiff waives the right to a deficiency judgment, pursuant to 735 ILCS 5/15-1402(c) and is forever barred and against the mortgagor(s) and any other person liable for the indebtedness or other obligations secured by the mortgagor.

   C. The consent judgment is entered subject to an additional title search by Plaintiff after recording of the consent judgment to confirm that no additional liens have been recorded prior to the recording of the consent judgment. If additional liens have been recorded which would not be foreclosed by this consent judgment, Plaintiff may vacate the consent judgment upon motion.

4. **JURISDICTION:**

   The court retains jurisdiction over the parties and subject matter of this cause for the purpose of enforcing this Judgment or vacating said Judgment if a reinstatement is made as set forth in this Judgment.

5. **EFFECT ON LEASES:**

   The successful bidder at sale shall, upon confirmation of the sale, take its interest in the property subject to all bona fide leases or tenancies existing as of the date of initiation of this action for foreclosure, pursuant to and as defined by the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 et seq.

6

Dated: 9/27/2010            Entered: _____
                                         Judge

Freedman Anselmo Lindberg LLC

1807 W. Diehl Road, Suite 333

Naperville, IL 60563-1890

foreclosures@falrlaw.com

630-983-0770    866-402-8661

630-983-7888 (fax)